In re GONZALES/MARTINEZ MINORS

Docket No. 324168. Submitted April 7, 2015, at Detroit. Decided May 5, 2015, at 9:15 a.m.

The Department of Human Services filed a petition in the Macomb Circuit Court, Family Division, to terminate respondent's parental rights to her two children, MG and HM. The children were removed from respondent's custody after they were sexually assaulted by respondent's boyfriend. When informed of the assault, respondent reportedly slapped one child and called the other a liar. Respondent was emotionally unstable, had assaulted an elderly woman, was using drugs, and had criminal charges for retail fraud pending against her. In addition, respondent had continued having contact with her boyfriend and even voiced a desire to start a family with him. At the hearing on the petition for termination, the referee concluded that the Department had proved by clear and convincing evidence that termination of respondent's parental rights was appropriate on three grounds: MCL 712A.19b(3)(b)(*ii*), (g), and (j). The referee also found that a preponderance of the evidence showed that termination was in the children's best interests. The court, Tracey A. Yokich, J., adopted the referee's findings and entered an order terminating respondent's parental rights to MG and HM. Respondent appealed.

The Court of Appeals *held*:

1. The trial court did not clearly err by terminating respondent's parental rights on the basis of MCL 712A.19b(3)(b)(*ii*), which permits termination when the parent has an opportunity to prevent physical injury to, or sexual abuse of, his or her child and fails to do so, and there is a reasonable likelihood that injury or abuse will occur in the foreseeable future if the child is placed in the parent's home. In this case, respondent disbelieved her children's report of the abuse and failed to stop the abuse once she became aware of it. Respondent's argument that further abuse was unlikely because her boyfriend was in jail and facing deportation missed the purpose of MCL 712A.19b(3)(b)(*ii*). The statute addresses the harm occasioned by a parent who is unwilling or unable to protect his or her children from abuse; the statute does

not require that the children be at risk of harm from the same abuser. The evidence was clear and convincing that respondent failed to protect her children from abuse and that she was likely to continue placing her personal desires above the needs of her children.

2. The trial court did not clearly err by terminating respondent's parental rights on the basis of MCL 712A.19b(3)(g), which permits termination when, without regard to intent, a parent fails to provide proper care or custody for a child and is not reasonably expected to be able to provide proper care or custody within a reasonable time considering the child's age. In this case, respondent failed to comply with the terms of her parent-agency agreement, she did not regularly attend counseling and treatment sessions, she was unemployed and had limited monthly income from her social security disability benefits, and she did not adequately address her mental health issues. The evidence was clear and convincing that respondent was unable or unwilling to change her behavior and provide her children with a stable home.

3. The trial court did not err by terminating respondent's parental rights on the basis of MCL 712A.19b(3)(j), which authorizes the termination of parental rights when there exists a reasonable likelihood, based on the conduct or capability of a parent, that the parent's child will be harmed if returned to the parent's home. In this case, evidence showed that respondent had difficulty controlling her emotional instability and her aggression. There was testimony suggesting that respondent had violently assaulted an elderly woman. Respondent slapped HM when she told respondent of the abuse, and MG thought respondent would kill him if he was returned to her care. The evidence was clear and convincing that it was reasonably likely that the children would be harmed if returned to respondent's care or custody.

4. The trial court did not clearly err by determining that termination of respondent's parental rights was in the children's best interests. A preponderance of the evidence showed that the children were excelling in the placement with their aunt and uncle and that respondent was not motivated to make the necessary changes to address her substance abuse and mental health issues.

Affirmed.

*Eric J. Smith*, Prosecuting Attorney, and *Molly Zappitell*, Assistant Prosecuting Attorney, for the petitioner.

*Derik R. Girdwood* for respondent.

Before: M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM. Respondent appeals by right the order terminating her parental rights to her two children, MG and HM, under MCL 712A.19b(3)(b)(*ii*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). Because we conclude there were no errors warranting relief, we affirm.

### I. BASIC FACTS

MG and HM were removed from respondent's care and placed with relatives—their aunt and uncle—after it was discovered that respondent's boyfriend had sexually assaulted both children. The children told a worker from the Department of Human Services (Department) that when they first told their mother of the abuse, she slapped HM and called MG a liar. Respondent was allowed supervised parenting time with the children, but the Department expressed concern about the visits after a worker observed respondent "coaching" MG about the sexual assault case. A mental health professional who evaluated respondent recommended suspending respondent's parenting time and the court agreed.

The Department initially sought immediate termination of respondent's parental rights, but it withdrew the petition and offered respondent a parent-agency agreement. During a later hearing, it was revealed that respondent had remained in contact with her boyfriend after his arrest. Respondent also missed several drug screens and tested positive for cocaine.

Because of these events, the Department again peti-
tioned for termination of respondent's parental rights.

At a hearing on the petition, respondent admitted
that she continued to have contact with her boyfriend.
Two police officers also testified about an incident that
occurred before the Department offered respondent
parent-agency agreement; respondent had assaulted
an elderly woman with whom she lived. There was also
a psychological report in which the author wrote that
respondent had difficulty with the part of her brain
that controls emotional stability and aggression. It was
also revealed that respondent had criminal charges
pending against her. Elizabeth Heath, a foster-care
specialist working for the Department, submitted evi-
dence that respondent had hallucinations, had been
inconsistent with seeking treatment, and refused to
engage in in-patient treatment. Respondent also had
positive drug tests for cocaine from May through July,
and she had twice been hospitalized for overdosing.

At the time of the hearing, respondent was living
with an 83-year-old man, and he indicated that they
were sexually involved. On one occasion when Heath
went to the residence to deliver a subpoena, she found
respondent passed out on the couch. Respondent's
elderly roommate told Heath that he had seen respon-
dent drinking and had given her pills. Respondent was
unemployed throughout the proceedings, but did re-
ceive social security disability benefits. Heath testified
that both children were doing well in their current
placement with their aunt and uncle. Heath discussed
a possible guardianship with the children's aunt and
uncle, but they were afraid that respondent might
continue to have contact with them, and they did not
feel safe around her.

The hearing referee found that the Department had established by clear and convincing evidence grounds for termination under MCL 712A.19b(3)(b)(*ii*), (g), and (j). Regarding § 19b(3)(b)(*ii*), the referee noted respondent's refusal to believe her children's allegations of sexual abuse and respondent's continued relationship with her children's alleged abuser. The referee also believed that respondent's continued problems with drug use, her lack of appropriate housing, her ongoing mental health issues, the number of appointments she had missed, her failure to enter an in-patient treatment program, and the criminal charges she was facing implicated § 19b(3)(g). As for § 19b(3)(j), the referee referred to respondent's lack of stability, her ongoing drug problems, and her criminal activity. However, the referee found that there were not adequate grounds for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (*ii*).

The referee further found that termination was in the children's best interests. The referee stated that the children needed permanency and safety, which respondent could not provide. The referee also found it noteworthy that the children had been traumatized while in respondent's care and were scared of her. The referee stated that the children needed finality beyond a mere guardianship. The trial court adopted the referee's findings and entered an order of termination.

Respondent now appeals in this Court.

## II. TERMINATION OF PARENTAL RIGHTS

### A. STANDARDS OF REVIEW

This Court reviews for clear error a trial court's factual findings following a termination hearing. MCR 3.977(K). A finding is clearly erroneous if "the review-

ing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). However, "[t]his Court . . . reviews de novo whether the trial court properly selected, interpreted, and applied a statute." *IME v DBS*, 306 Mich App 426, 433; 857 NW2d 667 (2014).

B. GROUNDS FOR TERMINATION

The Department had the burden to establish by clear and convincing evidence the existence of a ground for termination. *In re JK*, 468 Mich at 210. However, only one statutory ground need be proved to support the termination of a parent's parental rights. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000). In reviewing a trial court's findings, this Court must give regard to the trial court's "special opportunity . . . to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

A trial court may terminate a parent's parental rights under MCL 712A.19b(3)(b)(*ii*) if there is clear and convincing evidence that "[t]he child or a sibling of the child has suffered physical injury or physical or sexual abuse" and the parent "had the opportunity to prevent the physical injury or physical or sexual abuse [and] failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home."

There was testimony and evidence that established that respondent's boyfriend had sexually abused the children. There was also evidence that respondent did not believe her children's revelations about the abuse, including evidence that she called MG a liar. And

Heath testified that HM reported that respondent "did nothing to stop" the abuse after the child told respondent about it. This was clear and convincing evidence that respondent had the opportunity to prevent the abuse, but failed to do so.

Respondent contends that the record does not support termination on this ground because the children's abuser is currently in jail and is going to be deported. Even assuming this to be true, the trial court was still justified in finding that termination was warranted on this ground. The Legislature did not require that there be clear and convincing evidence that the children were at risk of harm from the same abuser. Rather, MCL 712A.19b(3)(b)(*ii*) addresses the harm occasioned by a parent who is unwilling or unable to protect his or her children from abuse. The evidence established that respondent placed her desire to be with her boyfriend—despite his abuse—over the needs of her children, and there was evidence that she would likely continue to place her personal desires over her children's welfare.

The trial court did not clearly err when it found that the Department had established by clear and convincing evidence that termination was warranted under MCL 712A.19b(3)(b)(*ii*). See *In re JK*, 468 Mich at 209-210.

Termination is appropriate under MCL 712A.19b(3)(g), if "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

There was evidence that respondent failed to comply with the terms of her parent-agency agreement. See *In re JK*, 468 Mich at 214 (stating that a parent's failure

to comply with the parent-agency agreement is evidence of the parent's failure to provide proper care and custody). Respondent had tested positive for cocaine, had called MG a liar with respect to the allegations of sexual abuse, and had been charged with retail fraud. She was found passed out after consuming alcohol and pills in the home of the 83-year-old man with whom she was living. This was plainly not a stable housing situation. Additionally, there was evidence that respondent was not consistent in attending counseling and treatment sessions, was unemployed and only received a small amount of monthly income from her social security disability benefits, and failed to adequately address her mental health issues. Therefore, even though the time between the imposition of the parent-agency agreement and termination was only 13 weeks, respondent's actions demonstrated that she was unable to alter her behavior and provide a stable home.

The trial court did not clearly err when it found that the Department had shown by clear and convincing evidence that MCL 712A.19b(3)(g) justified termination. See *In re JK*, 468 Mich at 209-210.

Finally, the trial court may terminate a parent's parental rights under MCL 712A.19b(3)(j) when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

There was ample evidence to suggest that the children would be subject to harm if returned to respondent's care. There was evidence that respondent had difficulty controlling her emotional stability and aggression, and evidence from two officers suggested that respondent had violently assaulted an elderly woman.

Heath testified that respondent slapped HM when the child told respondent of the sexual abuse. And the children's aunt and uncle do not feel that respondent is safe. There was also testimony that MG specifically thinks that respondent will kill him if he is returned to her.

The trial court did not clearly err by concluding that there was a reasonable likelihood that the children would be harmed if returned to respondent. See *In re JK*, 468 Mich at 209-210.

### C. BEST INTERESTS

Even if the trial court finds that the Department has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013) (holding that the petitioner must prove by a preponderance of the evidence, rather than by clear and convincing evidence, that termination is in the child's best interests). "[T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home" are all factors for the court to consider when deciding whether termination is in the best interests of the child. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). A child's placement with relatives is a factor that the trial court is required to consider. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). See MCL 712A.19a(6)(a). Generally, "a child's placement with relatives weighs against termination . . . ." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (quotation marks and citation omitted).

In the present case, the children were placed with relatives—their aunt and uncle. However, a guardianship had been considered and rejected because the children's aunt and uncle did not feel safe around respondent and did not want to have contact with her. Given the facts, fear of the respondent is understandable. There was evidence that respondent had violently attacked an elderly woman, had not successfully addressed her substance abuse and mental health issues, and was not motivated to make the necessary changes to address those issues. Respondent also continued to have contact with the children's abuser, even going so far as to indicate her desire to start a family with him.

The children's aunt and uncle were willing to adopt them, and both children were excelling in their new environment. The trial court's finding that termination was in the best interests of the children was not clearly erroneous. See *In re JK*, 468 Mich at 209-210.

There were no errors warranting relief.

Affirmed.

M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ., concurred.