*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re KAPAHUA and HULST-NOWAK, Minors.

UNPUBLISHED
February 4, 2021

No. 351903
Newaygo Circuit Court
Family Division
LC No. 18-009132-NA

AFTER REMAND

Before: SHAPIRO, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor children. We previously remanded this matter to the trial court for further explanation of its decision. *In re Kapahua/Hulst-Nowak*, unpublished per curiam opinion of the Court of Appeals, issued August, 27, 2020 (Docket No. 351903). The trial court having conducted a hearing on remand and having provided further explanation for its prior decision, we now affirm.

The trial court obtained jurisdiction over the minor children, SK and FH, and removed them from mother's care shortly after FH's birth. In the petition, it was alleged that mother tested positive for illegal substances while in the hospital giving birth, FH tested positive for illegal substances at birth, mother had unsafe housing, and mother lacked stable employment. Throughout the pendency of this case, mother continued to struggle to overcome her addiction to methamphetamines. After an October 17, 2019, termination hearing, the trial court held that the DHHS had established statutory grounds for termination of parental rights under MCL 712A.19b(3)(c)(*i*). The trial court also found that termination was in the children's best interests. On remand, the trial court made the same findings.

On appeal, mother argues that the DHHS did not establish the statutory criterion for termination of parental rights under MCL 712A.19b(3)(c)(*i*) by clear and convincing evidence. She further argues that termination of her parental rights was not in the best interests of the minor children. We disagree.

This Court reviews both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest, for clear error. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). The trial court must find that at least one of the statutory grounds for termination was proven by clear and convincing evidence in order to terminate parental rights. *In re Gonzalez/Martinez*, 310 Mich App 426, 431; 871 NW2d 868 (2015).

Termination of parental rights under MCL 712A.19b(3)(c)(*i*) is proper when, after a period of 182 or more days has elapsed, the trial court finds by clear and convincing evidence that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." In this case, the trial court provided mother more time than the 182-day statutory period to rectify the conditions that originally led to adjudication.

The principal condition needing to be rectified was mother's substance abuse. At the remand hearing, the guardian ad litem pointed out that although mother had claimed 75 days of sobriety at the time of the termination trial, her drug of choice left the body quite rapidly such that if mother knew a drug test was forthcoming, she could abstain from the drug for just a day or two to get a negative test result. The guardian ad litem also pointed out that mother had an established pattern of maintaining sobriety for a short period of time, but then returning to drug use, and was exhibiting the same pattern with her youngest child (born after the termination trial in this case). A substance use disorder clinician who had provided services to mother testified at the remand hearing that mother did not complete services with her.

The trial court found that while mother attended most of the scheduled hearings throughout the proceedings, her participation in and benefit from services were sorely lacking. The trial court referred to a psychological examination performed on mother and the evaluator's recommendation that to establish and maintain sobriety, mother should attend three to five AA/NA meetings per week, secure a sponsor, work a 12-step program, submit to random drugs tests, and engage in therapy. The trial court found that mother:

> . . . did not establish and maintain sobriety up until and including the time of the authorization of the termination petition. And while she may have provided some evidence of attendance at NA and AA meetings, she did not attend three to five NA or AA meetings per week. She did not provide evidence or evidence wasn't brought to light that she secured a sponsor, [or] that she worked or completed a12-step program, and that those were the main three things that had to do with the AA and NA meetings.

The court noted that from the date the children were removed from mother's care in October 2018 and through July 2019, mother repeatedly tested positive for methamphetamines. The court referred to a toxicology expert's report that out of 26 drug tests issued to mother, 15 of them were positive for methamphetamines, including one in late July 2019. The court opined that the positive tests showed mother's inability to make changes in her life concerning illegal substances. It further opined that mother provided no evidence to support her claim at the termination trial that she had 75 days of sobriety at that point, and that there was no evidence that mother could adequately address her substance abuse within a reasonable time in light of the

children's ages. Indeed, a foster care worker and adoption case monitor testified at the remand hearing that during mother's purported 75 days of sobriety, she actually had tested positive for THC.

Given the above, and the trial court's entry of an order after the remand hearing which further explains its reasoning for the termination of mother's parental rights, we find no error. The trial court's determinations that clear and convince evidence supported termination and its finding that termination was in the children's best interests is supported by the record.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Anica Letica