*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re LIPSCOMB, Minors.

UNPUBLISHED
February 17, 2022

No. 356999
Wayne Circuit Court
Family Division
LC No. 2020-000947-NA

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Respondent, Michael Lavell Lipscomb, Jr., appeals as of right the trial court's order terminating his parental rights to the minor children MLL and MAL. Finding no error warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On September 4, 2020, respondent was driving his car at high speed with his three children improperly secured in the car. While driving, he crashed into another car and a building. The accident caused the death of respondent's two-year-old son, MIL; caused abdominal, spinal, and head injuries to his six-year-old son, MLL; and caused a closed-head injury to his four-year-old son, MAL.

On October 5, 2020, petitioner sought termination of respondent's parental rights to MLL and MAL. At the preliminary hearing, respondent denied he was "drag racing." In addition, the children's mother, Tawana Viola Darnell, stated respondent was an "excellent father" who deserved to retain his parental rights. Nevertheless, the trial court authorized the petition, suspended respondent's parenting time, and preserved mother's custody of the children. At a subsequent pretrial hearing, respondent pleaded no contest to the factual bases for jurisdiction and statutory grounds for termination, but requested a termination hearing regarding the children's best interests. The factual basis for respondent's plea established that he was speeding with the children in the car, respondent crashed into another car, and it was presumed the children were improperly

secured because they were ejected from the car. Consequently, the trial court exercised jurisdiction over the minor children and found statutory grounds for termination.[1]

At the termination hearing, Sherita Gooden, the Children's Protective Services investigator who initiated the petition, testified respondent lived with Darnell and the children as a familial unit since the children were born. Gooden also stated the children remained bonded with respondent after the accident. Respondent testified he wished to parent the children and would do anything to be reunited with them. He denied speeding at the time of the accident but invoked his privilege against self-incrimination when the trial court asked if the children were properly secured in the car. Darnell testified that she observed respondent speeding in the months before the accident and that respondent failed to properly secure the children in his car on at least one prior occasion. As a result of an alleged domestic dispute involving a firearm between respondent and Darnell the weekend before the termination hearing, Darnell testified she believed termination of respondent's parental rights was necessary for the safety of her and the children. Nonetheless, mother testified respondent financially provided for the household, the children missed respondent, and respondent was a good father.

The trial court noted it did not consider respondent and Darnell's tumultuous relationship—nor the alleged incident over the prior weekend—when deciding whether to terminate respondent's parental rights because none of their interactions occurred in front of the children. The trial court also stated it did not believe Darnell truly thought respondent was a threat to the children, and it also found respondent to be insincere and unwilling to accept responsibility for his actions. The trial court determined respondent caused MIL's death and the severe injuries to MLL and MAL by speeding while the children were improperly secured in the car. The trial court concluded this incident—which it felt was entirely avoidable—outweighed any bond respondent shared with the children. Accordingly, the trial court found termination of respondent's parental rights was in the children's best interests, and it terminated respondent's parental rights to MLL and MAL. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews the trial court's determination that termination of parental rights is in the best interest of a child for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); see also *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014) (stating dispositional orders "are afforded considerable deference on appellate review"). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

---

[1] The trial court determined the following statutory bases were grounds for termination: MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury), (b)(*ii*) (parent failed to prevent physical injury), (g) (parent failed to provide proper care or custody for child), (j) (reasonable likelihood child will be harmed if returned to parent), (k)(*iv*) (loss or serious impairment of an organ or limb), (k)(*v*) (life-threatening injury), and (k)(*vi*) (murder or attempted murder).

## III. ANALYSIS

On appeal, respondent contends the trial court erred when it terminated his parental rights because there was insufficient evidence to establish termination was in the children's best interest. Respondent asserts the trial court did not consider various best-interests factors, including the children's bond with respondent, respondent's ability to provide for the children, and respondent's willingness to do anything to continue parenting the children. Respondent also contends he could not demonstrate his ability to care for the children because the trial court severely restricted his parenting time, and petitioner denied him the opportunity to plan for reunification. Finally, respondent argues the trial court should not have been influenced by mother's testimony about her tumultuous relationship with respondent. We disagree.

After the trial court exercises jurisdiction over the minor children and determines at least one statutory ground for termination exists, the trial court must terminate the respondent's parental rights if a preponderance of the evidence demonstrates that termination is in the children's best interests. MCL 712A.19b(5); see also *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). When determining the children's best interests, a trial court must consider each child individually, *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012), and must "focus on the child rather than the parent," *In re Mota*, 334 Mich App300, at \1; 964 NW2d 881 (2020).

> In assessing a child's best interests, a trial court may consider such factors as a child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. The trial court may also consider how long the child was in foster care or placed with relatives, along with the likelihood that the child could be returned to [the] parents' home within the foreseeable future, if at all. [*Id.* (quotation marks and citations omitted; alteration in original).]

While a trial court generally must also consider a child's placement with relatives when considering whether termination is in the child's best interest, it need not consider a child's placement with a biological parent because biological parents are not considered "relatives" under the termination statute. *Id.* at 321-322.

The trial court did not clearly err by finding termination of respondent's parental rights was in the minor children's best interests. Although the trial court may consider a wide range of factors in determining the children's bests interests, an "especially egregious" single act may serve as the basis for terminating a respondent's parental rights. *Id.* at 322-323 (stating a "single act of sexual abuse that resulted in physical injuries revealed a side of respondent that posed a serious danger to his minor children" and supported terminating his parental rights). The trial court's factual findings—made on the basis of respondent's no-contest plea and evidence admitted without objection—established respondent sped with his children improperly secured in the car. Moreover, Darnell's testimony established the accident was not the first occasion on which respondent either sped or drove with the children improperly secured.

It bears repeating that respondent's conduct resulted in the death of his two-year-old son and severe physical injuries to his four-year-old and six-year-old sons. Given the harm respondent caused, and the ease with which such harm could have been avoided, respondent's single act of racing with another car while the children were improperly secured was "especially egregious" and revealed a side of respondent that posed a risk of future harm to the children. See *id*. While the trial court considered respondent's bond with the children and his quality as a father, it found those factors did not outweigh the immense harm respondent subjected the children to. Although respondent stated he would take any necessary steps to be allowed to continue parenting the children, the trial court found respondent to be insincere, a finding we will not disturb given the trial court's unique position to observe witnesses and assess credibility. *Id*. at 320.

The trial court also took issue with respondent's failure to accept responsibility for his actions, notwithstanding the pending criminal charges arising out of his conduct. Although there was testimony regarding respondent's strong bond with the children and his parenting ability, the trial court's findings were not clearly erroneous in light of the severity of respondent's conduct and the harm it caused, as well as the trial court's assessment of respondent's credibility. A preponderance of the evidence supported the trial court's finding that terminating respondent's parental rights was in the children's best interests.

Moreover, the trial court did not err by finding termination was in the best interests of *both* children. The trial court considered the best interests of MLL and MAL individually, and it found they were similarly situated because respondent exposed both to the same danger. The trial court also properly declined to consider the children's placement with their biological mother, whom petitioner established was not a danger to the children. See *In re Mota*, 334 Mich App at 321 (stating a trial court need not consider placement with a child's biological parent). Additionally, despite respondent's assertion to the contrary, the trial court explicitly excluded from consideration any interaction between respondent and mother that did not take place in front of the children, instead focusing only on what was best for the children. See *id*. (stating the focus of a best-interests finding should be on the children, not the parents).

We also reject respondent's argument that his restricted parenting time and the lack of reunification planning hindered his ability to demonstrate he could care for the children. That respondent may have been able to demonstrate his parenting ability with such efforts is an argument he could have, but failed, to make before the trial court. Respondent's parenting ability was just one factor the trial court considered in assessing the children's best interests, and it was not clearly erroneous for the trial court to conclude other relevant factors, such as the children's need for stability and safety, outweighed this factor.

Because a preponderance of the evidence supported the trial court's finding that termination was in the children's best interests, this Court is not left with a definite and firm conviction the trial court made a mistake. *Id*. at 320.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola