*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re RODRIGUEZ, Minors.

UNPUBLISHED
August 18, 2022

No. 360934
Genesee Circuit Court
Family Division
LC No. 22-137996-NA

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order removing his two minor children, AR and RR.[1] We affirm.

## I. FACTUAL BACKGROUND

On March 1, 2022, the referee issued an ex parte order removing AR and RR from their parents' care and taking them into protective custody under the supervision of the Department of Health and Human Services (DHHS). The order explained that continuing to reside in their parents' home was contrary to the children's welfare because of concerns involving domestic violence perpetrated by respondent-father against the children's mother, violations of a no-contact order by respondent-father, and substance abuse issues while the children were in their parents' care. The order also found that reasonable efforts had been made to prevent the need for removal and that no remedy other than protective custody was reasonably available to keep the children safe.

The next day, the preliminary hearing began, but it was adjourned for further investigation after respondent-father suggested that he might have Native American heritage.[2] Before ending the hearing, the referee said the following about the removal: "And as to the emergency removal from last night . . . I just have to order that that's gonna continue. Contrary to the welfare and reasonable efforts, findings were made last night in that order. And that order is going to continue

---

[1] The children were also removed from their mother, but she is not a party to this appeal.

[2] Neither party addresses any issues pertaining to Native American heritage in their briefs.

until we come back." The trial court entered an order following the preliminary hearing that reaffirmed the referee's statements on the record and continued the children's placement with DHHS. This order checked the boxes providing that "[c]ontrary to the welfare findings were made in a prior order" and "reasonable efforts to prevent or eliminate removal of the child(ren) from the home were made as determined in a prior order." Respondent-father appeals from this order after the preliminary hearing that maintained removal.

## II. ANALYSIS

Respondent-father argues that the referee failed to make adequate factual findings at the preliminary hearing to support removal.

We review a trial court's findings of fact in child protective proceedings for clear error. *In re Gonzales/Martinez*, 310 Mich App 426, 430; 871 NW2d 868 (2015). Clear error exists when the reviewing court "is left with the definite and firm conviction that a mistake has been made." *Id.* at 430-431 (quotation marks and citation omitted). This case also involves the application of court rules, an issue we review de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "De novo review means that we review the legal issue independently" and without deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

MCR 3.963(B) governs the issuance of an emergency order to take a child into protective custody:

> (1) The court may issue a written order, electronically or otherwise, authorizing a child protective services worker, an officer, or other person deemed suitable by the court to immediately take a child into protective custody when, after presentment of a petition or affidavit of facts to the court, the court has reasonable cause to believe that all the following conditions exist, together with specific findings of fact:
>
>> (a) The child is at substantial risk of harm or is in surroundings that present an imminent risk of harm and the child's immediate removal from those surroundings is necessary to protect the child's health and safety. . . .
>>
>> (b) The circumstances warrant issuing an order pending a hearing in accordance with:
>>
>>> (*i*) MCR 3.965 for a child who is not yet under the jurisdiction of the court . . .
>>
>> * * *
>>
>> (c) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.
>>
>> (d) No remedy other than protective custody is reasonably available to protect the child.

(e) Continuing to reside in the home is contrary to the child's welfare.

Further, MCR 3.965(C) provides, in relevant part:

(2) The court may order placement of the child into foster case if the court finds all of the following:

(a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from the risk as described in subrule (a).

(c) Continuing the child's residence in the home is contrary to the child's welfare.

(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.

See also MCL 712A.13a(9). The trial court "must make explicit findings that it is contrary to the welfare of the child to remain at home, MCR 3.965(C)(3), and reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required, MCR 3.965(C)(4)." *In re Benavides*, 334 Mich App 162, 168; 964 NW2d 108 (2020) (quotation marks omitted).

Respondent-father does not contend that the findings made in the removal order lacked a factual basis.[3] Instead, his sole argument on appeal is that the findings "were not adequately reiterated on the record" at the preliminary hearing.

Rather than explicitly make findings on the record at the preliminary hearing, the referee referred to the findings that were made in the removal order the night before and stated that this order was "going to continue until we come back." The order following the preliminary hearing noted that contrary to the welfare findings and reasonable efforts findings had been made in this prior removal order. The removal order provided that it was contrary to the welfare of the children

---

[3] Respondent-father's brief vaguely states that "[n]o harm was shown to children." To the extent that this cursory analysis constitutes a challenge to the sufficiency of the factual findings, it is unsupported, and we consider it abandoned. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) (quotation marks and citation omitted). This failure to properly address the merits of a claim of error constitutes an abandonment of the issue. *Id*.

to remain with their parents because of ongoing domestic violence, violations of a no-contact order, and substance abuse issues. This order also provided that reasonable efforts had been made to prevent the need for removal, which included Child Protective Services investigations, safety plans, drug screens, family team meetings, and family skills referrals. Finally, the order following the preliminary hearing stated that the children were at substantial risk of harm, that no remedy other than removal was adequate to safeguard the children, and that the conditions away from the parents were adequate to safeguard the children.

Respondent-father has not cited any authority in direct support of his argument that the referee had to reiterate its findings in support of removal on the record. In any event, the referee made it clear that the findings in support of the removal were based on the findings in the order from the previous night. The referee explicitly referenced that order, accurately stated that the requisite findings were made in that order, and stated that the order was "going to continue." In sum, the trial court adequately complied with the court rules by incorporating the referee's findings from the emergency removal order into its order keeping respondent-father's children under protective custody.

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett