*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re P. L. PRATER, Minor.

UNPUBLISHED
December 21, 2023

Nos. 365241; 365242
Wayne Circuit Court
Family Division
LC No. 2020-001148-NA

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In Docket No. 365241, respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), (h), and (j). In Docket No. 365242, respondent-father appeals as of right the same order terminating his parental rights to the child under the same statutory grounds. We affirm in both appeals.

## I. BACKGROUND

The minor child was removed from respondent-mother's custody at birth after the child tested positive for opiates, cocaine, and marijuana, and respondent-mother admitted using those substances during her pregnancy and not receiving regular prenatal care. The identity of the child's biological father was not known at that time. The trial court acquired temporary jurisdiction over the child after respondent-mother made several admissions to allegations in the initial petition for removal. The trial court ordered a treatment plan for respondent-mother that included substance-abuse services, a psychological assessment, drug screens, individual therapy, and parenting classes or Infant Mental Health (IMH) services, among other things. Subsequently, respondent-father was identified as the child's father and made a respondent in the proceedings. The trial court found that respondent-father was unable to provide care or custody because he was in prison and had a felony drug conviction. The trial court ordered a treatment plan for respondent-father that required parenting classes or IMH services, a substance-abuse assessment and drugs screens, if necessary, maintaining suitable housing and a legal sources of income, maintaining contact with the caseworker and attending all court hearings.

The child was placed with a nonrelative foster family. During the pendency of the case, respondent-father sought placement of the child with his sister, Sharon Bushong. That placement

-1-

was eventually approved, but the foster parents appealed and the Foster Care Review Board (FCRB) ruled that it was in the child's best interests to remain with the nonrelative foster parents. For reasons that will be discussed, the trial court did not timely hold a hearing to review the FCRB's decision and proceeded to a termination hearing. At the termination hearing, it was established that respondent-mother failed to comply with or benefit from almost all of the services provided in her treatment plan, and she was incarcerated at the time of the termination hearing. Respondent-father remained incarcerated during the entire case, completed the services that were available to him in prison, and ultimately faced additional charges with a possible 20-year sentence. The trial court found statutory grounds to terminate both respondents' parental rights and found that termination of their parental rights was in the child's best interests. These appeals followed.[1]

## II. DOCKET NO. 365241

In Docket No. 365241, respondent-mother argues that termination of her parental rights was not in the child's best interests. We disagree.

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); see also MCL 712A.19b(5). This Court reviews "for clear error the trial court's determination regarding the children's best interests." *In re White*, 303 Mich App at 713. "A trial court's decision is clearly erroneous [i]f although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Olive/Metts*, 297 Mich App 35, 41; 823 NW2d 144 (2012) (quotation marks and citation omitted).

"The focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022) (quotation marks and citation omitted). "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. The trial court "should consider a wide variety of factors," including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality," "the advantages of a foster home over the parent's home[,]" "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 713-714 (quotation marks and citations omitted). "A child's placement with relatives is a factor that the trial court is required to consider." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). "Placement with a relative weighs against termination, but that fact is not dispositive given that a trial court may terminate

---

[1] Respondent-father also filed two complaints for a writ of superintending control, which this Court dismissed on the ground that the issues raised in those complaints could be raised in this appeal. *In re Dixon*, unpublished order of Court of Appeals, entered August 3, 2023 (Docket No. 366618); *In re Dixon*, unpublished order of the Court of Appeals, entered June 14, 2023 (Docket No. 366146).

parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests[.]" *In re Atchley*, 341 Mich App at 347 (quotation marks and citation omitted).

Respondent-mother argues that she "should" be out of jail soon, she is drug-free, and she will be ready to plan for the child. She argues that because the child should have been placed with Bushong, who is a relative, respondent-mother should be given additional time to plan for the child. Respondent-mother asserts that it is not in the child's best interests to cut off her relations with respondent-mother and respondent-father's "extensive family." Respondent-mother wants an opportunity to have a bond with the child.

The trial court did not clearly err by finding termination of respondent-mother's parental rights was in the child's best interests. As respondent-mother acknowledges, there was no evidence that she had a bond with the child. She visited the child only 22 out of a possible 103 times and failed to visit at all from June 17, 2021 to April 6, 2022. By failing to consistently visit, she failed to develop a bond with the child, despite being given the opportunity to do so. Further, although respondent-mother claims to have stopped using drugs while in jail, she was unable to stay drug-free when she was not in jail, despite being offered services on several occasions. Respondent-mother was not in compliance with her treatment plan at the time of the termination hearing, and she failed to complete almost every aspect of her treatment plan. Her failure to complete parenting classes, failure to consistently visit, and inappropriate visits also showed an inability to parent. The trial court did not clearly err by finding that the child needed stability and permanency, which respondent-mother could not provide. In addition, the child was bonded with her foster parents, who were willing to adopt the child.

Respondent-mother's argument that she should be given more time because the child should have been placed with Bushong is without merit. While Bushong was approved and recommend by petitioner according to "agency preference for relative placements," the FCRB determined that moving the child was not in the child's best interests. As will be discussed further, the trial court agreed with the FCRB in its termination order that placement with Bushong was not in the child's best interests. Because the child was not placed with a relative, relative placement was not a specific factor that was required to be considered by the trial court in this case. Moreover, the foster care worker, Kayla Barrios, testified that even if the child had been placed with a relative, she still would have recommended termination of both respondents' parental rights. As noted, placement with a relative is not dispositive. *In re Atchley*, 341 Mich App at 347. Considering the record as a whole, the trial court did not clearly err by finding that termination of respondent-mother's parental rights was in the child's best interests.

Respondent-mother also mentions that there was not clear and convincing evidence to support any of the statutory grounds for termination and that petitioner has an affirmative duty to make reasonable reunification efforts. However, she did not raise these issues in her statement of questions presented and fails to elaborate on these arguments. Therefore, they are abandoned and need not be considered. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position."); see also MCR 7.212(C)(5).

## III.  DOCKET NO. 365242

In Docket No. 365242, respondent-father argues that (1) the trial court abused its discretion by not holding a hearing to review the FCRB's decision before the termination hearing, (2) the trial court erred by finding statutory grounds for termination, (3) the trial court erred by failing to consider that it was in the child's best interests to be placed with a relative, and (4) termination of his parental rights was unconstitutional because there were less restrictive means of promoting the child's welfare.

### A.  REVIEW HEARING

Respondent-father argues that the trial court abused its discretion by failing to hold a review hearing on the FCRB's decision before terminating his parental rights.  Although the trial court failed to hold a hearing as required by the relevant statute, the error was harmless.

"This Court reviews de novo the interpretation and application of statutes[.]" *In re Nikooyi*, 341 Mich App 490, 494; 991 NW2d 619 (2022).  MCL 712A.13b provides, in relevant part:

> (3) Upon receipt of an appeal from foster parents under subsection (2) or (7), the foster care review board shall investigate the change in foster care placement within 7 days and shall report its findings and recommendations within 3 days after completion of the investigation to the court or, if the child is under MCI jurisdiction, control, or supervision, the MCI superintendent, to the foster care parents, to the parents, and to the agency.

> (4) If after investigation the foster care review board determines that the move is in the child's best interests, the agency may move the child.

> (5) If after investigation the foster care review board determines that the move is not in the child's best interest, the agency shall maintain the current placement until a finding and order by the court or, if the child is under MCI jurisdiction, control, or supervision, a decision by the MCI superintendent.  The agency shall not return a child to a placement from which the child was removed under subsection (7) unless the court orders that placement's restoration under subsection (6) or the MCI superintendent approves that placement's restoration under this subsection.  The foster care review board shall notify the court, or if the child is under MCI jurisdiction, control, or supervision, the MCI superintendent, about the board's and agency's disagreement.  The court shall set a hearing date and provide notice to the foster parents, each interested party, and the prosecuting attorney if the prosecuting attorney has appeared in the case.  *The court shall set the hearing no sooner than 7 and no later than 14 days after receipt of the notice from the foster care review board.*  The rules of evidence do not apply to a hearing required by this subsection. Within 14 days after notification under this subsection, the MCI superintendent shall make a decision regarding the child's placement and shall inform each interested party what the decision is.

> (6) After hearing testimony from the agency and any other interested party and considering any other evidence bearing upon the proposed change in

placement, the court shall order the continuation or restoration of the placement unless the court finds that the proposed change in placement is in the child's best interests. [Emphasis added.]

The trial court received a report from the FCRB on November 23, 2022. According to the report, the FCRB's decision was made on August 31, 2022, following an investigation conducted at the request of the foster parents. The report instructed the court to hold a hearing within 7 to 14 days of receiving the report. The trial court held a hearing on December 9, 2022, which respondent-father attended, but respondent-mother was not present from jail. The trial court decided to continue the hearing in January 2023, with both respondents present, and that it would allow the termination hearing to continue in the meantime. On January 18, 2023, the trial court concluded that the request for review was moot because respondents' parental rights had been terminated by the referee.

The record establishes that the trial court did not hold a hearing within 7 to 14 days after receiving the report from the FCRB. The December 9, 2022 hearing was held 16 days after the trial court received the FCRB's report, but that hearing was not completed because respondent-mother was not present. Although the review hearing was never completed, respondent-father does not address the trial court's subsequent finding that his request for review was moot because respondents' parental rights had been terminated. Respondent-father also fails to cite any support for his argument that a FCRB review hearing must be held before a termination hearing.

To the extent that the trial court erred by failing to hold a review hearing before terminating respondents' parental rights, respondent-father is not entitled to relief. MCR 2.613(A) provides:

An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

Assuming that the court erred by not holding a review hearing, the error was harmless. Testimony regarding Bushong was presented at the termination hearing and, in its order terminating respondents' parental rights, the trial court concluded that it was not in the child's best interests to be placed with Bushong. Thus, to the extent respondent-father argues he was prejudiced because placement with Bushong would have weighed against termination, he has not established that the trial court would have ordered placement with Bushong had a review hearing been held.

Respondent-father also does not challenge the trial court's finding that it was not in the child's best interests to be placed with Bushong. We agree that some of the trial court's findings regarding Bushong are clearly erroneous. The trial court stated that Bushong did not offer long-term placement and did not have an alternate caregiver because her daughter did not want anything to do with the child, but Barrios testified that Bushong was willing to provide permanent care and Bushong testified that her other daughter was willing to help with the child. Nonetheless, there was evidence that Bushong was 62 years old, she did not have a bond with the child, and some of her visits with the child did not go well. The foster parents also reported that the child did not

want to go to visits and sometimes returned from visits with Bushong with a dirty diaper. In contrast, the child had been with her foster parents since she was released from the hospital, she looked to them for comfort, and she is "very connected" to her foster siblings. The trial court did not clearly err by finding that placement with Bushong was not in the child's best interests.

### B. STATUTORY GROUNDS FOR TERMINATION

Respondent-father argues that petitioner failed to establish any statutory grounds for termination of his parental rights by clear and convincing evidence. We disagree.

"To terminate parental rights, a trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 635; 853 NW2d 459 (2014) (quotation marks and citation omitted). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App at 709-710 (citations omitted). "A reviewing court must defer to the special ability of the trial court to judge the credibility of witnesses." *In re LaFrance*, 306 Mich App 713, 723; 858 NW2d 143 (2014).

Respondent-father acknowledges that his rights were terminated pursuant to MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), (h), and (j), which provide for termination under the following circumstances:

(a) The child has been deserted under either of the following circumstances:

* * *

(*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

(h) The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent-father only quotes the statutory language for the first three grounds and does not specifically analyze any of the grounds. He appears to address MCL 712A.19b(3)(g) and (h) by arguing that the trial court ignored his plan to have the child placed with Bushong, it is unclear if and for how long he will go to prison, and he has housing and the ability to quickly obtain a job. He also claims that until a review hearing of the FCRB's decision is held, there are no grounds to conclude that his plan for the child is insufficient.

Because only one statutory ground for termination need be established, *In re Olive/Metts Minors*, 297 Mich App at 41, and respondent-father fails to address several of the grounds, he is not entitled to relief. When a party fails to address one or more of multiple statutory grounds found by a court, this Court can assume that the trial court did not clearly err by finding clear and convincing evidence to support the unchallenged statutory grounds. *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353 n 10; 612 NW2d 407 (2000).

## C. BEST INTERESTS

Respondent-father contends that the trial court erred by terminating his parental rights because the trial court failed to consider that it was in the child's best interests to be placed with a relative. We disagree.

Respondent-father's argument relies on several factually incorrect statements. First, there was not a "Non-Respondent Parent" in this case because both parents were respondents. Respondent-father also incorrectly refers to his "son," and, regardless, he did not have a bond with the child because he had never met her or spoken to her. Moreover, the trial court never found that respondent-father would not comply with services and he inaccurately refers to his "cooperat[ion] with authorities in the child abuse case investigation."

To the extent that respondent-father is arguing that the trial court erred by failing to consider that it was in the child's best interests to be placed with Bushong, his argument still fails.

-7-

Because the child was not placed with Bushong, the trial court was not required to consider relative placement as a factor. And for the reasons discussed, the trial court did not clearly err by finding that placement with Bushong was not in the child's best interests. In addition, the failure to hold a review hearing was harmless error.

Further, considering the best-interest factors, the trial court did not clearly err. There was no evidence that respondent-father had a bond with the child, given that respondent-father had been incarcerated the child's entire life. Respondent-father did complete the services that were available to him in prison, but the child was not likely to be returned to him soon because of his additional convictions, so he was unable to provide permanency and stability. As noted earlier, the child was doing well in foster care and the foster parents were willing to adopt her. The trial court did not clearly err by finding that termination of respondent-father's parental rights was in the child's best interests.

### D. DUE PROCESS

Finally, respondent-father contends that termination of his parental rights was unconstitutional because there were less restrictive means of promoting the child's welfare, i.e., granting the "Non-Respondent Parent" custody of the child. We disagree.

Respondent-father did not argue in the trial court that he was denied due process because the child should have been placed with the "Non-Respondent Parent." Therefore, this issue is unpreserved. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). "Generally, whether child protective proceedings complied with a respondent's substantive and procedural due process rights is a question of law that this Court reviews de novo. However, because the issue presented is an unpreserved claim of constitutional error, this Court will review for plain error affecting substantial rights." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014) (citations omitted).

Again, respondent-father's argument in support of this issue is factually incorrect. There was no "Non-Respondent Parent," the child was placed in a foster home, and respondent-father was not having visits with the child. To the extent respondent-father might be referring to Bushong, she is not a parent, the child was not placed with her, and she did not seek a "custody order." As discussed earlier, the trial court agreed with the FCRB that placement with Bushong was not in the child's best interests. Accordingly, respondent-father fails to establish a plain error affecting his substantial rights.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola