*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* G. A. BURNS, Minor.

UNPUBLISHED
April 22, 2025
10:46 AM

No. 372453
Montcalm Circuit Court
Juvenile Division
LC No. 2021-001023-NA

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to his minor child, GAB, under MCL 712A.19b(3)(a)(*ii*) (desertion) and (h) (parental imprisonment depriving the child of a normal home for more than two years).[1] Because the trial court failed to consider the child's placement with relatives in determining his best interests, we vacate the best-interests determination and remand for further consideration of that issue.[2]

---

[1] At the termination hearing, the trial court erroneously identified MCL 712A.19b(3)(b) as one of the grounds for termination. That appears to be a misstatement or typographical error. Petitioner sought termination under MCL 712A.19b(3)(a)(*ii*) and (h), and it is clear from the record that the trial court found statutory grounds to terminate under those subsections.

[2] We decline to exercise our discretion to review an issue not raised by either party—namely, whether the trial court erred by terminating parental rights at the initial disposition in the absence of reasonable efforts at reunification or a finding of aggravating circumstances. See *In re DMAN*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket Nos. 364518 and 364520); slip op at 7 (whether to review an issue not raised by the parties is a matter of this Court's discretion); see also *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) ("If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue."). Although the petition in this case was filed in June 2024, these proceedings actually began in November 2022, when the Department of Health and Human

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The trial court first acquired jurisdiction over GAB after the Department of Health and Human Services (DHHS) petitioned for child protective proceedings, alleging that respondent-mother's one-month-old child died in her custody.[3] Because of the unknown cause of the child's death and respondent-mother's substance use, DHHS requested that the trial court authorize the petition, place GAB in DHHS's care, and exercise jurisdiction. The trial court granted DHHS's request and placed GAB with respondent-mother's relatives. At the preliminary hearing on the petition against respondent-mother, the trial court found that there was probable cause that respondent-father was GAB's putative father. The trial court provided respondent-father with a putative-father notice, ordered a DNA test, and conducted a putative-father hearing. Respondent-father acknowledged that he was GAB's father, and the trial court appointed an attorney to help respondent-father establish paternity.

While the trial court proceeded with respondent-mother's case, respondent-father failed to establish paternity. In May 2024, the Montcalm Family Court entered an order of filiation establishing respondent-father as GAB's legally-acknowledged father. Petitioner then filed a petition to terminate respondent-father's parental rights, alleging that he had a significant criminal history, did not establish paternity after being given an opportunity to do so, failed to support GAB in any manner, and was incarcerated with an earliest release date of July 2027.

The trial court authorized the petition and subsequently held a combined adjudication and disposition trial. At the conclusion of the trial, the court took jurisdiction over GAB pursuant to MCL 712A.2(b)(1) (failure to provide proper care or custody) and (2) (unfit home environment). The court found statutory grounds to terminate respondent-father's parental rights under MCL 712A.19b(3)(a)(*ii*) and (h) and determined that termination was in the best interests of the child. Respondent-father now appeals.

---

Services initiated a petition against respondent-mother. At that time, GAB was three years old. The ensuing delay stemmed from respondent-father's refusal to cooperate in establishing paternity. Despite acknowledging DNA results at a putative-father hearing in November 2022 showing a 99.9999% probability of paternity, respondent-father failed to take any action to establish legal paternity and even refused to meet with his court-appointed counsel. He is now incarcerated with an earliest release date in 2027—when GAB will be eight—and a maximum discharge date in 2041, when GAB will be 22. He has an extensive criminal record, including convictions for domestic violence, and has provided no emotional or financial support to GAB, nor has he had meaningful contact with the child. Under these circumstances, we find no basis to reach an unpreserved issue sua sponte.

[3] Respondent-father was not the legal or putative father of the child who died in respondent-mother's care. Although the trial court also terminated respondent-mother's parental rights to GAB, she is not a party to this appeal.

## II. DISCUSSION

### A. STATUTORY GROUNDS

Respondent-father first asserts that the trial court clearly erred by finding statutory grounds to terminate his parental rights.

To terminate parental rights, a trial court must find, by clear and convincing evidence, that a statutory ground for termination under MCL 712A.19b(3) has been established. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022). We review the trial court's findings regarding statutory grounds for termination for clear error. *Id*.

On appeal, respondent-father argues that the trial court erred in finding statutory grounds to terminate his parental rights under MCL 712A.19b(3)(b) and (h). However, the trial court terminated respondent-father's parental rights under MCL 712A.19b(3)(a)(*ii*) and (h), *not* (b). Consequently, respondent-father's argument regarding MCL 712A.19b(3)(b) is unavailing.

Moreover, even if the trial court had erred in finding statutory grounds for termination under MCL 712A.19b(3)(h), that error would not provide a basis for reversal. A trial court only needs one statutory ground to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Here, the trial court found statutory grounds to terminate respondent-father's parental rights under MCL 712A.19b(3)(a)(*ii*) and (h), and respondent-father does not challenge the findings regarding (a)(*ii*) on appeal. To the extent that the trial court clearly erred by finding statutory grounds to terminate under MCL 712A.19b(3)(h), that error was harmless because respondent-father does not dispute that termination was appropriate under (a)(*ii*). See *In re Powers*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

### B. BEST INTERESTS

Respondent-father next contends that the trial court clearly erred by finding that termination was in the child's best interests.

Even if a trial court finds that statutory grounds for termination are established by clear and convincing evidence, "it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). We review a trial court's best-interests determination for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021).

With respect to the termination of parental rights, "[t]he focus of the best-interests inquiry is on the child, not the parent." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9. A trial court making a best-interests determination may consider a variety of factors, including:

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic

violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citation omitted).]

Further, when a child subject to termination is placed with a relative, the child's relative placement at the time of the termination hearing "is an explicit factor to consider" in determining whether termination is in the best interests of the child. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (quotation marks and citation omitted). A child's placement with relatives weighs against termination. *In re Mota*, 334 Mich App 300, 321; 964 NW2d 881 (2020). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts*, 297 Mich App at 43. "The trial court's findings need not be extensive; 'brief, definite, and pertinent findings and conclusions on contested matters are sufficient.' " *In re MJC*, ___ Mich App at ___; slip op at 10, quoting MCR 3.977(I)(1).

In determining that termination was in GAB's best interests, the trial court considered that respondent-father had been incarcerated for all but eight or nine months of the child's life and did not maintain contact with the child during his incarceration. The trial court further noted that respondent-father had little, if any, relationship with GAB and never provided support for him. However, the trial court did not explicitly address GAB's placement with respondent-mother's relatives when considering whether termination was in his best interests. As a result, the factual record is "inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts*, 297 Mich App at 43.[4]

We affirm the trial court's findings as to the statutory grounds for termination but vacate its best-interests analysis and remand for further consideration of the child's best interests in light of his relative placement. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Matthew S. Ackerman

---

[4] Respondent-father also submits that the trial court's best-interests determination was clearly erroneous because it failed to consider that respondent-mother's permanency goal for the child was a guardianship. However, respondent-father provides no authority to support this assertion and has therefore abandoned it. See *In re Barber/Espinoza*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369359); slip op at 11 ("An appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for his or her claims." (citation omitted)).