*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. R. BLEDSOE, Minor.

UNPUBLISHED
January 26, 2023

No. 361677
Wayne Circuit Court
Family Division
LC No. 2020-000887-NA

Before: YATES, P.J., and JANSEN and SERVITTO, JJ.

PER CURIAM.

Respondent, the mother of the minor child, appeals as of right the trial court's order terminating her parental rights to the child under MCL 712A.19b(3)(j) (the child is reasonably likely to be harmed if returned to the parent's home). We affirm.

## I. FACTS AND PROCEEDINGS

Respondent and the child lived together with respondent's live-together-partner, M. Cunningham-Davis. Cunningham-Davis has a prior conviction of criminal sexual conduct and is a registered sex offender. In August 2020, the six-year-old child disclosed that Cunningham-Davis had sexually assaulted her by penetrating her mouth and her buttocks with his penis. The child repeated the allegations during a forensic interview at Kids Talk. Respondent did not believe that Cunningham-Davis assaulted the child. She stated variously during these proceedings that her former best friend influenced the child to fabricate the allegations, that the same friend's daughter committed the sexual assaults, or that she did not know who to believe.

The child was removed from respondent's care and placed with her paternal grandmother. Respondent continued living with Cunningham-Davis until October or November 2020, and thereafter remained in contact with him through social media. The trial court precluded respondent from having contact with the child, but respondent violated the court's order by making video calls to the child or accepting calls from the child to her. She also allowed Cunningham-Davis to speak to the child in some of these calls. Respondent's motions for parenting time were denied because of her continued association with Cunningham-Davis.

Petitioner sought termination of respondent's parental rights at the initial disposition. Although respondent was not given a case service plan, she voluntarily participated in parenting

-1-

classes and a psychological evaluation. Following a four-day bench trial, the trial court found sufficient evidence to support statutory grounds for jurisdiction under MCL 712A.2b(2) and to support termination of respondent's parental rights under MCL 712A.19b(3)(j). At the best-interest hearing, respondent reiterated her disbelief that Cunningham-Davis sexually assaulted the child, and she was unable to commit to having permanently ended her relationship with Cunningham-Davis. The trial court found that termination of respondent's parental rights was in the child's best interests.

## II. ANALYSIS

In her sole issue on appeal, respondent argues that the trial court erred by finding that termination of her parental rights was in the child's best interests. Because the trial court addressed and decided this issue, it is preserved. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020). However, to the extent that respondent also argues that termination of her parental rights was not warranted because petitioner fail to provide reunification services, the issue is not preserved because respondent did not raise this issue in the trial court. *Id*; see also *In re Atchley,* ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos 358502 & 358503); slip op at 2, quoting *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012) ("In order to preserve an argument that petitioner failed to provide 'adequate services' the respondent must 'object or indicate that the services provided to them were somehow inadequate . . . .' ").

Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds that termination is in the child's best interests. MCL 712A.19b(5). The trial court's best-interest decision is reviewed for clear error. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 637; 853 NW2d 459 (2014). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). This Court generally reviews a trial court's finding that "reasonable efforts were made to preserve and reunify the family" for clear error. *In re Fried,* 266 Mich App 535, 542-543; 702 NW2d 192 (2005). A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003), reh den 468 Mich 1239 (2003). However, unpreserved issues are reviewed for plain error affecting a party's substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

"Even if the trial court finds that the [petitioner] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015), citing MCL 712A.19b(5). "The trial court should weigh all the evidence available to determine [a child's] best interests." *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014). In *In re White*, this Court stated:

> To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the

parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id*. at 713-714 (citation and quotation marks omitted).]

Additionally, the child's placement with relative is a factor weighing against termination, but family placement does not preclude a finding that termination is in the child's best interests. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

Contrary to respondent's assertion that the trial court failed to explain the factors weighing in favor of termination, the trial court stated that the child needed a parent whom she could trust to protect her from abuse. Respondent was not trustworthy because she refused to believe the child's report of sexual abuse, and she refused to sever her ties with the abuser. These findings relate to the child's need for stability, respondent's history with domestic abuse, respondent's compliance with court orders, and the child's well-being in respondent's home. The trial court also found that the child had a safe and stable home with her grandmother, where she was protected and supported. These findings relate to the child's need for permanency and stability, her well-being, and the possibility of adoption. *In re White*, 303 Mich App at 713-714. These findings are not clearly erroneous.

Although respondent argues that the trial court failed to consider whether she had the potential to benefit from therapy, parenting classes with a component to address sexual abuse, and supervised visitation, she does not argue that petitioner failed in its statutory duty to provide services. Moreover, petitioner is not required to provide services where aggravated circumstances are present, *In re Simonetta*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 357909); slip op at 1, 3; MCL 712A.19a(2), which include abuse by "a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child . . . and the abuse included" "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." MCL 722.638(1)(a)(*ii*). Because aggravated circumstances were present in this case, the trial court properly could terminate respondent's parental rights without petitioner providing reunification services.

The record also does not support respondent's argument that the trial court failed to consider the results of her psychological evaluation. The trial court read from the April 20, 2022 Clinic for Child Study evaluation, which stated that respondent persisted in her belief that Cunningham-Davis did not abuse the child or that she did not know whom to believe. The court quoted the evaluator's conclusion that "the prognosis appears to be very poor for family reunification and is severely concerning" in view of respondent's persistence in defending Cunningham-Davis. When respondent had contact with the child, she behaved inappropriately. The Clinic for Child Study evaluation referenced a prior July 23, 2021 psychological evaluation, but respondent does not identify any findings from the 2021 evaluation that the trial court should have considered.

Respondent also notes that petitioner never considered the prospect for visitation depending on the findings from the child's trauma assessment, but that assessment was never conducted. However, respondent persisted in defending Cunningham-Davis, even at the best-interest hearing. Respondent also would not or could not commit to permanently severing her relationship with him. She was evasive and ambivalent when she testified about her current

involvement with him.  Under these circumstances, it is not plausible that completion of the trauma assessment was necessary to properly evaluate the child's best interests.

Affirmed.


/s/ Christopher P. Yates
/s/ Kathleen Jansen
/s/ Deborah A. Servitto