*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BATES, Minors.

UNPUBLISHED
March 23, 2023

No. 361566
Grand Traverse Circuit Court
Family Division
LC No. 18-004645-NA

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to the minor children, AAB and AMB.[1] Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In December 2019, the Department of Health and Human Services (DHHS) filed a petition requesting that the trial court take jurisdiction over the children, remove them from respondent's care, place them with their father, and terminate respondent's parental rights. An amended petition was filed in January 2020.

The petition was filed as a result of respondent's substance abuse and mental health issues, prior Child Protective Services cases involving her abuse of alcohol, and her inability to care for her children's health care needs. Approximately one year before the petition, AAB was diagnosed with type 1 diabetes. The petition alleged that respondent could not care for AAB because while AAB was in her care, she failed to give him insulin and monitor his blood sugar levels for several days while he was observably sick. As a result, AAB went into diabetic ketoacidosis and was in

---

[1] The children's father was not a respondent in this action, and is not a party to this appeal. Respondent and the children's father divorced in 2018, and had joint legal and physical custody of the children and evenly split parenting time before the children were removed from respondent's care and placed with their father. The children were placed with their father for the duration of the trial court proceedings.

critical condition at the hospital and in a coma for several days. In November 2020, respondent pleaded guilty to one count of third-degree child abuse because of her failure to provide AAB with proper medical assistance. Respondent was sentenced to five months in jail and 18 months' probation and was incarcerated from January 2021 until April 2021. When she was released, respondent violated her probation in July 2021 for consuming alcohol and was incarcerated again from July 2021 until October 2021. Respondent also was arrested twice for shoplifting in July 2021 and was intoxicated during these two incidents. The trial court held a termination hearing in March and April 2022, and concluded there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and (j) (reasonable likelihood of harm if returned to parent), and that termination was in the children's best interests. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews the trial court's determination that termination of parental rights is in the best interest of a child for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); see also *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014) (stating dispositional orders "are afforded considerable deference on appellate review"). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). Only one statutory ground need be met. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). Questions of statutory interpretation are reviewed de novo. See *In re Gonzales/Martinez*, 310 Mich App 426, 431; 871 NW2d 868 (2015).

## III. STATUTORY GROUNDS

Respondent argues that the trial court clearly erred by finding that statutory grounds for termination under MCL 712A.19b(3)(c)(*i*) and (j) were met by clear and convincing evidence. We disagree.

"[A] court may terminate parental rights if it finds by clear and convincing evidence that there 'is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.' " *In re Pops*, 315 Mich App 590, 599; 890 NW2d 902 (2016), quoting MCL 712A.19b(3)(j). Harm under MCL 712A.19b(3)(j) includes emotional and physical harm. *In re Sanborn*, 337 Mich App 252, 272-276; 976 NW2d 44 (2021). " 'If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made.' " *In re VanDalen*, 293 Mich App at 139, quoting MCL 712A.19b(5).

The trial court concluded that statutory grounds for termination were met under MCL 712A.19b(3)(j) because of respondent's failure to care for AAB's diabetes, failure to educate herself about AAB's diabetes until after she was diagnosed with type 1 diabetes herself, diminution of her role in AAB's diabetic ketoacidosis and hospitalization, deflecting of blame to others, and continued substance abuse and mental health issues. The court noted that "[g]iven Respondent Mother's continued propensity to diminish her role in [AAB]'s [diabetic ketoacidosis]

and deflect blame along with her continued struggle with substance abuse throughout this case, there is clear and convincing evidence that there is a reasonable likelihood that the children will be harmed if they are returned to the home of Respondent Mother."

The record before us demonstrates that the trial court did not clearly err when it concluded there was a reasonably likelihood the children would be harmed if returned to respondent's care. Respondent struggled with mental health and substance abuse issues which had a negative effect on the children, culminating with AAB being hospitalized and near death as a result of respondent's neglect. Respondent admitted that she did not educate herself about diabetes until she was diagnosed with the disease, which occurred after AAB's diagnosis. During the pendency of this case, respondent was unable to maintain sobriety and was arrested twice for shoplifting while intoxicated. Respondent's struggles with substance abuse created a life-threatening emergency to AAB, and respondent was unable to demonstrate to DHHS that she was prepared to safely care for her children going forward. Indeed, the children themselves stated they did not feel safe in respondent's care and wanted to have another adult check on them when with respondent. Accordingly, the trial court did not clearly err when it concluded that there was clear and convincing evidence that there was a reasonable likelihood the children would be harmed if returned to respondent's care. See *In re LaFrance Minors*, 306 Mich App 713, 728; 858 NW2d 143 (2014) (trial court did not clearly err when it terminated respondent-father's parental rights where the evidence showed the respondent medically neglected his child, had substance abuse issues that would continue to pose a risk to the child, and failed to participate in services to care for child with medical needs).[2]

## IV. GUARDIAN AD LITEM STATUTORY DUTIES

Next, respondent argues that the guardian ad litem did not fulfill her statutory duties under MCL 712A.17d because she failed to observe parenting time or interview respondent. Respondent fails to provide any authority to support this argument and, therefore, it has been abandoned. See *In re Conservatorship of Brody*, 321 Mich App 332, 346-347; 909 NW2d 849 (2017). Even if respondent had not abandoned it, we find the argument unconvincing as respondent cannot demonstrate she has standing to assert a claim of error with respect to the children's attorney. A guardian ad litem has a statutory duty only to the child, not the parents involved in a termination proceeding. See *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009) ("[A] respondent in a child protective proceeding lacks standing to challenge the effectiveness of the child's attorney.").

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Anica Letica

---

[2] Because we conclude the trial court did not clearly err when it terminated respondent's parental rights under MCL 712A.19b(3)(j), we do not need to consider whether termination was proper under the alternative grounds cited by the trial court. See *In re VanDalen*, 293 Mich App at 139.