*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* H. K. WILSON-LYLE, Minor.

UNPUBLISHED
August 15, 2025
10:46 AM

No. 373327
Genesee Circuit Court
Family Division
LC No. 23-139091-NA

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating his parental rights to his child, HL, under MCL 712A.19b(3)(b)(*i*) (parent sexually abused the child), (j) (reasonable likelihood of harm if the child is returned to the parent), and (k)(*ii*) (parent's abuse of the child included criminal sexual conduct involving penetration). On appeal, he challenges the trial court's findings as to statutory grounds for termination and HL's best interests. We affirm.

## I. BACKGROUND

Respondent is the biological father of HL, who was born in 2016.[1] HL lived exclusively with her nonrespondent mother until June 2022, when respondent was granted parenting time in a separate domestic relations case and began exercising overnight visitation. This case arises from respondent's sexual abuse of HL during those visits.

In early February 2023, HL's mother enrolled her in therapy after observing that HL had become withdrawn and depressed. Later that month, HL complained of vaginal discomfort and disclosed to her mother that someone touched inside of her vagina, though she did not indicate who. Her mother brought her to the hospital, where a medical examination revealed evidence of

---

[1] Respondent is also the father of several other children, including two daughters who were initially listed as children subject to the petition to terminate his parental rights. The trial court dismissed the petition as to those two daughters, who are not parties to this appeal.

sexual abuse. HL eventually disclosed to her mother, therapist, school counselor, and a forensic interviewer that respondent was the person who sexually abused her.

The Department of Health and Human Services filed a petition seeking termination of respondent's parental rights. Following a termination and best-interests hearing, the trial court found that it had jurisdiction over HL under MCL 712A.2(b)(1) and (2), and that statutory grounds for termination were established under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ii*). It further found, by a preponderance of the evidence, that termination was in HL's best interests. Respondent now appeals.

## II. DISCUSSION

## A. STATUTORY GROUNDS

Respondent first submits that the trial court clearly erred by finding statutory grounds to terminate his parental rights.

To terminate parental rights, a trial court must find by clear and convincing evidence that a statutory ground for termination under MCL 712A.19b(3) has been established. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022). We review that finding for clear error. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been made, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (citation omitted).

One of the grounds relied on by the trial court was MCL 712A.19b(3)(b)(*i*), which permits termination where the parent sexually abused the child and "there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home."

The trial court did not clearly err in finding statutory grounds under MCL 712A.19b(3)(b)(*i*). HL testified that she was sleeping in her bed at respondent's home when she awoke to respondent digitally penetrating her vagina. Her mother testified that HL disclosed in February 2023 that someone had touched the inside of her vagina, and HL later identified respondent as the perpetrator. The mother also noted that HL had become withdrawn, depressed, and anxious after respondent began exercising parenting time. HL made similar disclosures to her school counselor and a forensic interviewer, both of whom testified at the termination hearing. HL's therapist, who was qualified as an expert in childhood development and therapy, testified that HL disclosed in sessions that respondent had touched her while she was asleep. The therapist did not believe that HL had been coached to fabricate the allegations, noting that HL exhibited symptoms consistent with sexual abuse trauma and that children who are coached typically do not display such indicators. Two drawings HL made in therapy depicting the alleged abuse were also admitted into evidence. Given that record, the trial court did not clearly err in finding that respondent sexually abused HL and that there was a reasonable likelihood of harm if she were returned to his care.

On appeal, respondent argues that HL's testimony that the sexual abuse occurred while she was asleep "raises the question of whether she was even conscious, and whether she was perhaps dreaming." But HL testified that she awoke to find respondent touching her vagina, resolving any such question.

Respondent also emphasizes that he was not criminally charged, which he claims "points strongly at the weakness of the evidence in this case." A detective from the Buena Vista Township Police Department testified that the Saginaw County Prosecutor's Office declined to charge respondent due to insufficient evidence. The trial court acknowledged that but correctly noted that termination under MCL 712A.19b(3)(b)(*i*) does not require a criminal conviction and that the burdens of proof in criminal and termination proceedings differ. The absence of criminal charges does not undermine the trial court's findings under MCL 712A.19b(3)(b)(*i*).

Respondent further contends that the trial court erred in finding a reasonable likelihood of future harm because there was no evidence he abused his other daughters. He argues that his treatment of them "should be probative of how he treated this child, or will in the future." But the trial court terminated respondent's parental rights only to HL, and the evidence specific to HL was sufficient. His relationship with his other children does not negate the evidence of harm to HL. Accordingly, the trial court did not clearly err by finding a statutory ground for termination under MCL 712A.19b(3)(b)(*i*).[2]

## B.  BEST INTERESTS

Respondent also challenges the trial court's finding that termination was in HL's best interests.

Even if a trial court finds that a statutory ground for termination was established by clear and convincing evidence, "it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). We review that determination for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021).

In making a best-interests determination, "[t]he focus . . . is on the child, not the parent." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9. Relevant considerations include:

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citation omitted).]

When the child is placed with a relative, the trial court must explicitly consider that placement in its best-interests analysis. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012). Although such placement weighs against termination, it is not dispositive. *In re Mota*, 334 Mich

---

[2] Because only one statutory ground is required to support termination, *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016), we need not address whether termination was also appropriate under MCL 712A.19b(3)(j) or (k)(*ii*).

App 300, 321; 964 NW2d 881 (2020). "The trial court's findings need not be extensive; 'brief, definite, and pertinent findings and conclusions on contested matters are sufficient.' " *In re MJC*, ___ Mich App at ___; slip op at 10, quoting MCR 3.977(I)(1).

The trial court considered several factors in concluding that termination was in HL's best interests. It noted the harm caused by respondent's sexual abuse of HL, the absence of a parent-child bond, and expert testimony from HL's therapist indicating that reunification would be detrimental to HL's well-being. The trial court also cited HL's trauma-related symptoms, which included anxiety, sleep disturbances, and depression, and concluded that returning her to respondent's care would cause significant harm. Although it acknowledged that HL's placement with her mother weighed against termination, it found that this factor was outweighed by the others.

On appeal, respondent does not challenge the evidentiary basis for the trial court's best-interest findings. Instead, he argues that the trial court should not have considered the lack of a bond between him and HL because the child's mother "kept the child from him" until June 2022. But the trial court expressly recognized that "parenting time can be wrongly withheld" and that respondent "may not even be partially to blame" for the absence of a parent-child bond. The trial court ultimately found, however, that the reason for the lack of a bond "does not change the fact that a bond does not presently exist." That finding was appropriate. As this Court has emphasized, "[t]he focus of the best-interests inquiry is on the child, not the parent." *In re MJC*, ___ Mich App at ___; slip op at 9.

Moreover, a child's bond with a parent is one of several factors a trial court may consider in determining the child's best interests. Even if the trial court had erred in considering that factor, the remaining evidence—including HL's trauma, her therapist's opinion, and the nature of respondent's conduct—would still support the court's best-interests determination.

Respondent also asserts that his bond with his other daughters supports a different outcome and contends that his rights to HL should not have been terminated "based on one ambiguous and disputed incident." Neither argument is persuasive. While respondent's bond with his other children may speak to his general parenting capacity, the relevant inquiry here concerns his relationship with HL. The trial court found that no bond existed between respondent and HL, and the record supports that finding. In light of that, respondent's relationship with his other daughters does not meaningfully affect the best-interests analysis. As for respondent's claim that the allegations were ambiguous and disputed, the trial court found credible HL's testimony that he sexually abused her, and "[i]t is not for this Court to displace the trial court's credibility determination." *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009). On this record, respondent has not shown that the trial court clearly erred in finding that termination was in HL's best interests.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani
/s/ Matthew S. Ackerman