*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* O'HAVER, Minors.

UNPUBLISHED
February 12, 2026
1:14 PM

No. 376388
Oakland Circuit Court
Juvenile Division
LC No. 2024-887093-NA

Before: RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to the minor children, KIO and NRO, under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical sexual abuse) and (*ii*) (parent abused child by criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate). We affirm.

## I. FACTUAL BACKGROUND

On the night at issue, father consumed several beers and went to sleep in a bed with the children's mother[1] and KIO. NRO slept in a twin bed in the same room. During the night, the children's mother awoke and observed father performing oral sex on NRO. The children's mother struck father and swiftly left the house with both children. When later confronted about the incident, father stated that "[NRO's] feet were in my face, I must have taken her pants off and fell asleep snuggling where I shouldn't be." A criminal investigation followed. During a forensic interview, NRO disclosed that father pulled down her pants and "put his nose in her private part." Father asserted that he was not fully awake during the incident and attributed his behavior to

---

[1] The children's mother is divorced from father and lived separately when the petition was filed.

alcohol consumption. He was subsequently charged with first-degree criminal sexual conduct, MCL 750.520b, and arrested.[2]

Petitioner, the Department of Health and Human Services (DHHS), thereafter filed an initial petition seeking termination of father's parental rights to the children. The trial court authorized the petition. Father later pleaded no contest to the facts establishing jurisdiction and statutory grounds for termination. The trial court accepted the plea. Following a hearing, the court additionally determined that termination of father's parental rights was in the children's best interests. This appeal followed.

## II. ANALYSIS

Father argues that the trial court erred by finding that termination was in the children's best interests. We disagree.

We review for clear error the trial court's determination that termination of parental rights is in the children's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

"If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child." *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020). At the best-interests stage, the focus is on the children, rather than the parents. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). In determining best interests,

> the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citations omitted).]

Father does not challenge the trial court's exercise of jurisdiction or the existence of statutory grounds for termination. Instead, he contends that the best-interest factors did not support termination, particularly given that the children were placed with their mother and alternative custody arrangements were available. Regarding the children's placement with their mother, we note that a child's placement with a relative weighs against termination and is a factor that the trial court must consider. *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012); *In*

---

[2] Father pleaded no contest to second-degree criminal sexual conduct, MCL 750.520c. He was sentenced to 300 days in jail and five years' probation.

*re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). A trial court's failure to address this factor may render the record inadequate. *In re Olive/Metts Minors*, 297 Mich App at 43. Here, there is no dispute that the children were in a relative placement with their mother. The trial court expressly acknowledged this placement and stated that it weighed against termination. Accordingly, the trial court satisfied its obligation to consider the relative-placement factor.

Father further asserts that the trial court should have considered an alternative custody arrangement, such as granting sole legal and physical custody to the children's mother while allowing father limited parenting time with KIO. The record reflects that the trial court found that father posed an ongoing risk of harm to both children, including the risk of future sexually abusive behavior. The court emphasized the significant emotional harm already suffered by KIO and NRO and the potential for additional harm if father's parental rights were not terminated. Under these circumstances, the trial court acted within its discretion in concluding that termination, rather than an alternative custody arrangement, best served the children's interests.

Father also argues that termination was contrary to KIO's best interests because KIO expressed a desire to maintain a relationship with father. The trial court carefully considered KIO's preference, noting his age and emotional state, but concluded that he lacked the maturity to fully appreciate the long-term implications of continued contact. The court expressed concern that KIO might fail to report unsafe conditions in the future and that maintaining the relationship with father could strain KIO's relationships with NRO and their mother. The record thus demonstrates that the trial court meaningfully considered KIO's wishes and reasonably determined that they were outweighed by the risk of harm.

Finally, father contends that he demonstrated strong parenting abilities and that he posed a low risk of reoffending, particularly in light of his claimed sobriety. The trial court, however, found father's parenting ability to be compromised by alcohol abuse, sexual abuse, and inappropriate sleeping arrangements. The court emphasized that father failed to participate in treatment or services recommended to him following a psychological evaluation and largely minimized his potential risk of reoffending. Although the trial court acknowledged father's financial support of the children as a factor weighing against termination, it reasonably concluded that this consideration was outweighed by the remaining factors. Viewed as a whole, the trial court did not clearly err in finding that termination of father's parental rights was in the children's best interests.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani